```
1

2              IN THE UNITED STATES DISTRICT COURT FOR THE
                      WESTERN DISTRICT OF MISSOURI
3                          SOUTHERN DIVISION

4   UNITED STATES OF AMERICA,      ) Case No. 14-03106-07-CR-S-MDH
                                   )
5             Plaintiff,           ) Springfield, Missouri
                                   ) July 19, 2016
6   v.                             )
                                   )
7   ANTHONY A. HATFIELD,           )
                                   )
8             Defendant.           )
    _____ )
9
                  TRANSCRIPT OF HEARING ON CHANGE OF PLEA
10                BEFORE THE HONORABLE DAVID P. RUSH
                      UNITED STATES MAGISTRATE JUDGE
11
    APPEARANCES:
12
    For the Plaintiff:          Randall D. Eggert, Esq.
13                               Assistant United States Attorney
                                 901 St. Louis St., Ste. 500
14                               Springfield, MO  65806
                                 (417) 831-4406
15
    For the Defendant:          Reidar O. Hammond, Esq.
16                               2202 W. Chesterfield
                                 Springfield, MO  65807
17                               (417) 881-0881

18  Court Audio Operator:       Mr. C. Steve Burch

19  Transcribed by:             Rapid Transcript
                                 Lissa C. Whittaker
20                               1001 West 65th Street
                                 Kansas City, MO  64113
21                               (816) 914-3613

22

23

24
    Proceedings recorded by electronic sound recording, transcript
25  produced by transcription service.
```

1          (Court in Session at 2:05 p.m.)

2          THE COURT:  Calling in *United States vs. Anthony*

3  *Hatfield*.  The defendant is present in the courtroom along with

4  his attorney, Mr. Reidar Hammond.  The United States is

5  represented by Assistant United States Attorney, Mr. Randy

6  Eggert.  This matter is set this afternoon for a change of plea

7  to Count One of the Second Superseding Indictment in this case.

8  Just so the record is clear, I will attempt to refer to the

9  Indictment as the Second Superseding Indictment.  However, if at

10 any time during the hearing I refer to the Indictment, the record

11 should reflect that I am referring to the Second Superseding

12 Indictment.  Mr. Hatfield, you have signed a consent to have

13 these proceedings for a plea of guilty before a Magistrate Judge,

14 with the understanding that a United States District Judge, a

15 judge of higher jurisdiction, will keep your case for acceptance

16 of the plea of guilty and sentencing.  Even though you signed

17 this consent, you have a right, if you wish, to appear before a

18 United States District Judge, a judge of higher jurisdiction, for

19 these proceedings.  At any appearance before the District Judge,

20 you're presumed innocent until such time, if ever, as the

21 Government establishes your guilt beyond a reasonable doubt to

22 the satisfaction of the judge or jury.  You always have a right

23 to confront and cross-examine witnesses.  You have a right to use

24 the power of the court to subpoena evidence on your behalf and

25 you have a right to testify or not testify as you would choose.

1  And if you chose not to testify it would not be held against you

2  as that is your right.  If, after understanding the charges

3  against you, the range of punishment, if convicted, and your

4  right to appear before a District Judge, if you wish, you may

5  waive or give up that right and proceed this afternoon before the

6  Magistrate Judge.  As I indicated, you have signed such a

7  consent.  Do you understand that you have a right to appear

8  before a United States District Judge, a judge of higher

9  jurisdiction, for these proceedings?

10            MR. HATFIELD:  Yes, sir.

11            THE COURT:  And is it your desire to give up that right

12  and proceed this afternoon before the Magistrate Judge?

13            MR. HATFIELD:  Yes, sir.

14                      (Off Record Talking)

15            THE COURT:  We're just going to take a brief recess.

16  Someone from Probation should be up for the plea and we're going

17  to attempt to get him up here.  So, we'll take a brief break.

18  And I apologize.

19            (Court in Recess from 2:07 p.m. until 2:09 p.m.)

20            THE COURT:  We'll be back on the record.  Sorry, Mr.

21  Hatfield, and I apologize to the parties.  Mr. Hatfield, do you

22  understand the charge against you in Count One of the Second

23  Superseding Indictment in this case?

24            MR. HATFIELD:  Yes, sir.

25            THE COURT:  Do you understand that if convicted of the

charge in Count One of the Second Superseding Indictment, that

the minimum penalty the court may impose is not less than 20

years imprisonment, while the maximum penalty the court may

impose is not more than life imprisonment, a $20 million fine,

not less than ten years supervised release and a $100 mandatory

special assessment?

MR. HATFIELD: Yes, sir.

THE COURT: And to the charge in Count One of the Second

Superseding Indictment, how do you wish to plead, guilty or not

guilty?

MR. HATFIELD: Guilty.

THE COURT: Would you please raise your right hand as

best you can?

ANTHONY A. HATFIELD, DEFENDANT, SWORN

THE COURT: Has anyone made any threat of any kind to

force you to plead guilty or get you to give up any of the other

rights we've discussed this afternoon?

MR. HATFIELD: No, sir.

THE COURT: You've signed a Plea Agreement and a

supplement to that agreement. Have you read both of those

agreements and gone over them with your attorney?

MR. HATFIELD: Yes, sir.

THE COURT: Do you understand what's contained both

within the Plea Agreement and the supplement to the agreement?

MR. HATFIELD: Yes, sir.

1    THE COURT:  Other than what is contained in those two

2 agreements, the Plea Agreement and the supplement, has anyone

3 made any promise of any kind to induce you or overcome your will

4 to get you to plead guilty or give up any of the other rights

5 we've discussed?

6    MR. HATFIELD:  No, sir.

7    THE COURT:  Now, I mentioned to you that there was a

8 supervised release term of not less than ten years that could be

9 imposed in your case.  Do you understand that if that term were

10 imposed and then revoked for any reason, that you could be

11 required to serve an additional term of imprisonment of not more

12 than five years, and if that happened, you would receive no

13 credit for any other time you had spent either in custody or on

14 release?

15    MR. HATFIELD:  Do I understand?  Yes, sir.  Yes.

16    THE COURT:  And do you understand that the court could

17 then impose an additional term of supervised release, which is

18 governed by the maximum of the statute, minus any time you had

19 spent in custody as a result of a violation?

20    MR. HATFIELD:  Yes, sir.

21    THE COURT:  Do you understand that from a sentence

22 imposed in your case that there is no parole?

23    MR. HATFIELD:  Yes, sir.

24    THE COURT:  Do you understand that there are Sentencing

25 Guidelines to which the District Court or the sentencing court

1 would refer in an advisory capacity when attempting to fashion a

2 reasonable sentence in your case?  Do you understand that?

3                              (Off Record Talking)

4              THE COURT:  When it comes --

5              MR. HATFIELD:  Oh, yes, sir.

6              THE COURT:  Yeah.  When it comes time to be sentenced,

7 you'll be sentenced of course by the District Court.  And do you

8 understand that there are sentencing guidelines to which that

9 court, the sentencing court, would refer to in -- it's an

10 advisory capacity when attempting to fashion a reasonable

11 sentence in your case?

12              MR. HATFIELD:  Yes, sir.

13              THE COURT:  And there are guideline calculations in your

14 Plea Agreement.  Have you discussed the guidelines with your

15 attorney?

16              MR. HATFIELD:  Yes, sir.

17              THE COURT:  And do you understand them?

18              MR. HATFIELD:  Yes, sir.

19              THE COURT:  Do you understand that the final decision as

20 to how the guidelines are calculated and ultimately what sentence

21 will be imposed rests with the District Judge?

22              MR. HATFIELD:  Yes, sir.

23              THE COURT:  If the District Judge would calculate the

24 guidelines differently from what is in the Plea Agreement, from

25 what you've discussed with your attorney, that fact would not

give you the right to withdraw or change your plea of guilty. Do you understand that?

MR. HATFIELD: Yes, sir.

THE COURT: Once the District Judge establishes the advisory guideline range, in some circumstances, you could be sentenced above that range and, in other circumstances, you could be sentenced below that range. And again, the judge's decision, if you disagreed, would not give you the right to withdraw your plea of guilty. Do you understand that?

MR. HATFIELD: Yes, sir.

THE COURT: Now, Mr. Hatfield, you have a right to a trial by jury with all the protections that I explained to you at the beginning of these proceedings. Do you understand your right to a trial by jury?

MR. HATFIELD: Yes, sir.

THE COURT: And do you understand that if the court accepts your plea of guilty that there won't be a trial?

MR. HATFIELD: Yes, sir.

THE COURT: I'm going to ask you about the offense charged in Count One of the Second Superseding Indictment in this case. I would remind you that you are under oath. You must answer truthfully. Any false answers could result in charges of false swearing or perjury. You always have the right to remain silent. And I want to refer you to your Plea Bargain Agreement. I believe your attorney has a copy of that in front of you.

1   Specifically page 2, Section 3 or Paragraph 3.  It is entitled in

2   bold **Factual Basis for Guilty Plea**.

3           MR. HATFIELD:  Uh-huh.

4           THE COURT:  That continues throughout the remainder of

5   page 2 then the entirety of page 3, and then onto a portion of

6   page 4.

7           MR. HATFIELD:  Yes, sir.

8           THE COURT:  Have you read Section 3 and gone over it

9   with your attorney?

10          MR. HATFIELD:  Yes, sir.

11          THE COURT:  And are the statements contained in Section

12  3 true?

13          MR. HATFIELD:  Yes.

14          THE COURT:  Mr. Hammond, you've had access to the

15  Government's discovery file in this case, have you not?

16          MR. HAMMOND:  I have.

17          THE COURT:  And based upon your review of the discovery

18  file, are you satisfied that if put to proof that the United

19  States could make a submissible case as to all of the elements

20  pertaining to Count One of the Second Superseding Indictment as

21  set forth in Section 3 of the Plea Agreement?

22          MR. HAMMOND:  Yes, Judge.

23          THE COURT:  There is an adequate factual basis for the

24  plea of guilty to Count One of the Second Superseding Indictment.

25  I find that the plea is voluntary and did not result from force,

1  threats or promises other than those set forth in the Plea

2  Agreement and the supplement to the agreement.  Mr. Hatfield, you

3  are represented in this case by Mr. Hammond.  Have you had enough

4  time to talk with him about your case?

5          MR. HATFIELD:  Yes, sir.

6          THE COURT:  And are you satisfied with the advice that

7  he's given you?

8          MR. HATFIELD:  Yes, sir.

9          THE COURT:  The law requires me to ask you if this

10  afternoon you are on any medication prescribed by a physician or

11  any drugs or alcohol of any kind which would affect your ability

12  to understand these proceedings?

13          MR. HATFIELD:  No, sir.

14          THE COURT:  Now, the Plea Bargain Agreement that you've

15  signed also contains what we refer to as an appeal waiver.  And I

16  want to refer you again to your Plea Bargain Agreement on page

17  11, Paragraph 15 or Section 15, which again is entitled this time

18  in bold **Waiver of Appellate and Post-Conviction Rights.**  Have you

19  read Paragraph 15 and gone over it with your attorney?

20          MR. HATFIELD:  Yes, sir.

21          THE COURT:  And do you understand that by signing this

22  Plea Agreement, that you've given up those rights to appeal as

23  set forth in Paragraph 15?

24          MR. HATFIELD:  Yes, sir.

25          THE COURT:  Understanding that and the other matters

1  that we've discussed this afternoon, is it your desire for the

2  Court to accept the plea of guilty?

3           MR. HATFIELD:  Yes, sir.

4           THE COURT:  Mr. Eggert, on behalf of the United States,

5  do you have any other record under Rule 11 that you think I need

6  to make?

7           MR. EGGERT:  No, Your Honor.

8           THE COURT:  Mr. Hammond, on behalf of the defendant, is

9  there any other record under Rule 11 you think I need to make?

10         MR. HAMMOND:  No, Your Honor.

11         THE COURT:  I will recommend the plea of guilty be

12  accepted and I will order a Presentence Investigation to be

13  conducted by the Probation Office.  Mr. Hatfield, good luck to

14  you, sir.

15         MR. HATFIELD:  Thank you, sir.

16         THE COURT:  With that, we'll be in recess.

17                (Court Adjourned at 2:16 p.m.)

18

19

20

21

22

23

24

25

        I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceeding in the
above-entitled matter.


        /s/ Lissa C. Whittaker          July 24, 2016
        Signature of transcriber            Date