IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

UNITED STATES OF AMERICA,    )

                Plaintiff,    ) Case No. 14-03106-07-CR-S-MDH

                           )

ANTHONY HATFIELD,       )

                           )

            Defendant.    )

                           )

## <u>DEFENDANT'S SENTENCING MEMORANDUM</u>

COMES NOW Defendant, Anthony Hatfield, by counsel, and respectfully requests that this Honorable Court vary downward from the Guidelines when imposing a sentence in his case, pursuant to 18 U.S.C. 3553(a). According to Il 111 and Il 112 of the Presentence Investigation Report, "PSI", the statutory minimum as to Count 1 is 20 years and the Guidelines sentencing range is 292 months to 365 months. However, in response to Mr. Hatfield's cooperation and substantial assistance in this matter, a waiver of the statutory minimum pursuant to U.S.S.g. 5(k)1.1 allows the Court to sentence under the statutory minimum sentence.

Mr. Hatfield's request for a downward variance is that the Court depart downward from the guidelines for a term of One Hundred Twenty (120) months, to be followed by a term of supervised release of at least ten years deemed appropriate by the Court. Mr. Hatfield submits that the requested sentence would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. 3553(a). In support of this motion, Mr. Hatfield offers the following:

Case 6:14-cr-03106-MDH   Document 1144   Filed 06/02/18   Page 1 of 6

## 1. Facts.

On July 19, 2016, Mr. Hatfield entered a plea of guilty to Count 1 of the Indictment. The Government agreed to dismiss the remaining applicable counts of the Second Superseding Indictment. The remaining counts of the Indictment are not charged as to Mr. Hatfield. Mr. Hatfield is 34 years old and has had a drug history of significant drug addiction and use for the last twenty years. His drug usage started at the age of fourteen ( 14).

## 2. Analysis.

Mr. Hatfield submits that the requested sentence, a term of One Hundred Twenty months, to be followed by a term of supervised release, would accomplish the goals of sentencing set forth in 18 U.S.C. 3553(a).

### A. The need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

The sentences requested above, followed by a term of supervised release, will meet the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

A sentence of One Hundred Twenty months, followed by a ten year term of supervised release following incarceration will place Mr. Hatfield on supervision until the age of 54.

### B. The need to afford adequate deterrence to criminal conduct.

A sentence of One Hundred Twenty months will meet the need to afford adequate deterrence to the criminal conduct in this case. Mr. Hatfield is remorseful for his conduct. He was a significant

part of this drug conspiracy but his conduct started well into the life of the conspiracy. This sentence, together with the lengthy sentences handed down to the main conspirators, will send the message that such behavior will be prosecuted under the law and a significant sentence imposed.

Reliable sources show that lengthy sentences do not serve to provide added deterrence.

The U.S. Department of Justice, Office of Justice Programs, National Institute of Justice, published, "Five Things About Deterrence." Four of the "Five Things" are relevant here: (1) The certainty of being caught is a vastly more powerful deterrent than the punishment; (2) Sending an individual convicted of a crime to prison isn't a very effective way to deter crime; (3) Police deter crime by increasing the perception that criminals will be caught and punished; and (4) Increasing the severity of punishment does little to deter crime. See National Institute of Justice Five Things About Deterrence, May, 2016.

See National Research Council, The Growth of Incarceration in the United States: Exploring Causes and Consequences, 134-40, 337 (2014) (examining empirical studies and concluding that because the marginal deterrent effect of long sentences, if any, is so small and so far outweighed

by the increased costs of incarceration, long sentences are "not an effective deterrent").

Thus, a sentence of One Hundred Twenty months meets the need to deter Mr. Hatfield and society from committing similar crimes.

### C. The need to protect the public from further crimes of the defendant and history and characteristics of the defendant.

A sentence of One Hundred Twenty months, followed by ten years supervised release will meet the need to protect the public from the possibility of Mr. Hatfield committing further crimes.

Case 6:14-cr-03106-MDH   Document 1144   Filed 06/02/18   Page 3 of 6

In addition to a sentence of imprisonment, this Court must order a sentence of supervised release of at least ten years. With respect to that term of supervised release, this Court may place significant restrictions and reporting requirements on Mr. Hatfield. Mr. Hatfield will then be supervised in a significant way until he reaches his mid-fifties. Thus, a sentence of One Hundred Twenty months as to Count 1, with supervision to follow, will meet the need to protect the public from further crimes by this Defendant.

**D. The need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

A sentence of One Hundred Twenty months will meet the need to provide the Defendant with vocational resources, medical care, or other correctional treatment in the most effective manner. Mr. Hatfield wishes to be placed in the 500 hour substance abuse treatment program to address his drug addiction.

**E. The nature and circumstances of the offense.**

Mr. Hatfield entered a plea of guilty to the main count of the Indictment charging an offense against him. The offense is detailed in the PSI (See PSI Paragraphs 2-8). By entering his pleas of guilty within a timely basis, Mr. Hatfield has taken full responsibility for, and has shown true contrition for his conduct.

**F. The kind of sentence and sentencing range established**.

This Court has discretion to vary downward and to enter a sentence of One Hundred Twenty months as to Count 1 as Defendant is requesting. See United States v. Booker, 543 U.S. 220 (2005) and 18 U.S.C. 3553(a).

**G. The need to avoid unwarranted sentence disparities**.

Case 6:14-cr-03106-MDH   Document 1144   Filed 06/02/18   Page 4 of 6

The United States Sentencing Commission released its 2017 Sourcebook of Federal Sentencing Statistics. This Report can be found at http://www.ussc.gov/research-andpublications/annual-reports-sourcebooks/2017/sourcebook-2017/. In the Sourcebook, with respect to drug trafficking, the average or "mean" length of sentence was 70 months, and the median sentences was 55 months. See, Id. at Table 13.

Thus, a concurrent sentence of One Hundred Twenty months, to be followed by a term of supervised release of not less than ten years, will meet the need to avoid unwarranted sentence disparities. A sentence of more than that would not.

### H. Low Possibility of Recidivism.

Mr. Hatfield is 34 years of age. Recidivism rates decline as age increases, from 67.6 percent for offenders released prior to age 21 to 16 percent for offenders over sixty years old at the time of release. (See United States Sentencing Commission, Recidivism Among Federal Offenders: A Comprehensive Overview (March, 2016) (http://www.ussc.gov/sites/default/files/ pdf/research-and-publications/research-publications/2016/recidivism overview.pdf). With a sentence of One Hundred Twenty months as to Count 1, Mr. Hatfield will be at least 43 years of age upon release (with the assumption of good time credit) and have a significantly reduced likelihood of reoffending.

WHEREFORE, based on the arguments set forth herein, Mr. Hatfield prays that pursuant to 18 U.S.C. 3553(a) this Court order a sentence of One Hundred Twenty months, to be followed by a term of supervised release of not less than ten (10) years. Such request is supported by the factors set forth above and would be sufficient, but not greater than necessary, to accomplish the goals of sentencing in this case.

Respectfully submitted,

/s/ Reidar O. Hammond
Reidar O. Hammond, #51649

1658 E. St. Louis Street
Springfield, Missouri 65802
(417) 720-4321
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case, and a copy was mailed, via the United States Postal Service, to all non-CM/ECF participants.

/s/ Reidar O. Hammond
Reidar O. Hammond